**MEMO ENDORSED**

# BELDOCK LEVINE & HOFFMAN
## 99 PARK AVENUE
### NEW YORK, N.Y. 10016-1503

ELLIOT L. HOFFMAN
MYRON BELDOCK
BRUCE F. TRAUNER
PETER B. MATORIN
KATHERINE O. THOMPSON
ROBERT L. HERBST
CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
JONATHAN K. POLLACK
VERA M. SCANLON

TEL: (212) 490-0400
FAX: (212) 557-0565
WEBSITE: blhny.com

LAWRENCE S. LEVINE (1934-2004)

SPECIAL COUNSEL
MARJORY D. FIELDS

COUNSEL
MELVIN L. WULF

REP:

WRITER'S DIRECT DIAL:
(212) 277-5853

October 29, 2007

<u>VIA FACSIMILE</u> - (212) 805-7930

The Honorable James C. Francis, IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Suite 1960
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/07
```

Re: *Tobis v. City of New York, et al.*, 07-CV-7741 (RJS) (JCF)

Dear Judge Francis:

As counsel for plaintiff Jeffrey Tobis, we write concerning the deposition of defendant Officer Shawn Allen who today was deposed by plaintiff's counsel and Rose Weber, Esq. regarding, inter alia, arrests made on August 31, 2004 on East 16th Street. Specifically, we request that the Court order defendants to produce certain documents identified during today's examination and that Officer Allen be required to appear on a second day for questioning concerning those documents.

During Officer Allen's deposition plaintiffs' counsel requested and defense counsel objected to the identification and production of the following documents.

**Officer Allen's Criminal Court Testimony** - Officer Allen testified that he was a witness in approximately three criminal trials arising out of arrests made on August 31, 2004 on East 16th Street. None of these trials involved plaintiff Jeffrey Tobis or Ms. Weber's client, Kyle Rettstadt. Thus, there is no reason plaintiffs should have previously been aware of Officer Allen's trial testimony. These criminal court trials have never been identified to plaintiffs' counsel as prior statements made under oath by Officer Allen concerning the 16th Street arrests, nor have transcripts from these trials been produced. Today, Officer Allen testified that he reviewed portions of his trial testimony in preparation for the deposition and that they refreshed his recollection. He further testified that his memory of the events of August 31, 2004 was clearer when he testified in these criminal trials than it is today. Plaintiffs therefore request that transcripts of all of Officer Allen's criminal court testimony concerning events on or around 16th Street be produced.

**Officer Allen's Memo Book Entry** - Defendants have long agreed to produce RNC-related memo book entries for defendant officers, of which Officer Allen is one. (See Gerald Smith, Esq.'s 9/15/06 Letter to Court at 6, attached as Exhibit A). At today's deposition, defendants produced for the first time in the consolidated RNC litigation a copy of Officer Allen's memo book, but only copies of the entries from 8/31/04 through 9/2/04. (See Memobook, attached as Exhibit B). Officer Allen testified that 8/31/04 was not the first day that he was assigned to RNC and indeed, the end of the entry immediately preceding the 8/31/04 entry contains the phrase "protest for RNC."[1] Plaintiffs therefore request a complete copy of Officer Allen's RNC related memo book entries.

**PO Allen's Handwritten OLBS Worksheet for Plaintiff Tobis** - The only copy defendants produced of Officer Allen's handwritten OLBS worksheet for plaintiff Jeffrey Tobis is cut off after line 32. (Compare Tobis OLBS with Rettstadt OLBS, both attached as Exhibit C). Plaintiffs therefore request a complete copy of Mr. Tobis's OLBS worksheet.[2]

Given defendants' failure to provide the foregoing relevant and discoverable documents prior to or during Officer Allen's deposition, plaintiffs request that these documents be ordered produced and that Officer Allen be ordered to appear for a continued deposition on a date mutually agreed to by the parties, and barring agreement, on a date of plaintiff's choosing.

Thank you for your consideration of this matter.

Respectfully yours,

Jonathan Moore
Clare Norins

cc:    RNC Email Distribution List

---

[1] As Officer Allen testified he could not read the three lines of his memo book preceding the 8/31/04 entry, which contain this phrase. Plaintiffs therefore request a darker copy of this page of Officer Allen's memo book or that Officer Allen be required to bring his original memo book to his continued deposition.

[2] Defense Counsel Tonya Jenerette remarked during Officer Allen's deposition that the District Attorney, not defendants, had produced the OLBS worksheets. To the contrary, defendants have long been producing the OLBS worksheets for RNC arrestees. (See Gerald Smith, Esq.'s 9/15/06 Letter to Court at 6, attached as Exhibit A).

2

*10/30/07*
*Application denied without prejudice to renewal after counsel have met and conferred.*
*SO ORDERED.*
*James C. Francis IV*
*USMJ*