UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
JEFFREY TOBIS,

                        Plaintiff,

-versus-                                            **07 CIV 7741 (RJS)(JCF)**

THE CITY OF NEW YORK, *et al.*,                   **ECF CASE**

                        Defendants.
------------------------------------------------------------------ x

## ANSWER

Defendants The City of New York, Michael Bloomberg, Raymond Kelly, David Cohen, Stephen Hammerman, Thomas Doepfner, Ruby Marin-Jordan, Joseph Esposito, Thomas Graham, John J. Colgan, Jack McManus, James Essig, Gerald Dieckmann, James Galati and Shawn Allen ("Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint ("Complaint"), respectfully alleges, upon information and belief, as follows:

### AS TO THE "PRELIMINARY STATEMENT"

1. Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff seeks relief.

2. Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit that persons chose to engage in civil disobedience during the Republican National Convention ("RNC") while others did not.

3. Defendants deny the allegations set forth in paragraph "3" of the Complaint.

### AS TO "JURISDICTION"

4. Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

5. Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

## AS TO "VENUE"

6. Defendants deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff alleges that venue is proper as stated therein.

## AS TO "JURY TRIAL DEMANDED"

7. Defendants deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiff demands a trial by jury as stated therein.

## AS TO "PARTIES"

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Defendants deny the allegations set forth in paragraph "9" of the Complaint, except admit that The City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and that it maintains its police department consistent with all applicable laws.

10. Defendants deny the allegations set forth in paragraph "10" of the Complaint, except admit that MICHAEL BLOOMBERG is the Mayor of the City of New York.

11. Defendants deny the allegations set forth in paragraph "11" of the Complaint, except admit that RAYMOND KELLY is the Police Commissioner of the City of New York.

12. Defendants deny the allegations set forth in paragraph "12" of the Complaint, except admit that DAVID COHEN is the Deputy Commissioner of Intelligence for the New York City Police Department ("NYPD").

13. Defendants deny the allegations set forth in paragraph "13" of the Complaint, except admit that JOSEPH ESPOSITO is the Chief of Department of the NYPD.

14. Defendants deny the allegations set forth in paragraph "14" of the Complaint, except admit that THOMAS GRAHAM is the Commander of the Disorder Control Unit in the NYPD.

15. Defendants deny the allegations set forth in paragraph "15" of the Complaint, except admit that JOHN J. COLGAN is a Chief in the NYPD.

16. Defendants deny the allegations set forth in paragraph "16" of the Complaint, except admit that STEPHEN HAMMERMAN is a former Deputy Commissioner for Legal Matters for the NYPD.

17. Defendants deny the allegations set forth in paragraph "17" of the Complaint, except admit that THOMAS DOEPFER is the Assistant Deputy Commissioner for Legal Matters for the NYPD.

18. Defendants deny the allegations set forth in paragraph "18" of the Complaint, except admit that RUBY MARIN-JORDAN is Special Counsel to the NYPD.

19. Defendants deny the allegations set forth in paragraph "19" of the Complaint, except admit that JACK MCMANUS is a former Assistant Chief in the NYPD.

20. Defendants deny the allegations set forth in paragraph "20" of the Complaint, except admit that JAMES ESSIG is an Inspector employed by the NYPD.

21. Defendants deny the allegations set forth in paragraph "21" of the Complaint, except admit that GERALD DIECKMANN is an Inspector employed by the NYPD.

22. Defendants deny the allegations set forth in paragraph "22" of the Complaint, except admit that THOMAS GALATI is an Inspector employed by the NYPD.

23. Defendants deny the allegations set forth in paragraph "23" of the Complaint, except admit that SHAWN ALLEN is a Police Officer employed by the NYPD.

24. Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25. Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26. Defendants deny the allegations set forth in paragraph "26" of the Complaint, except admit that defendant BLOOMBERG is employed by the City of New York and defendants KELLY, COHEN, ESPOSITO, GRAHAM, COLGAN, HAMMERMAN, DOEPFNER, MARIN-JORDAN, MCMANUS, ESSIG, DIECKMANN, GALATI and ALLEN are or were employed by the NYPD.

27. Defendants deny the allegations set forth in paragraph "27" of the Complaint.

28. Defendants deny the allegations set forth in paragraph "28" of the Complaint.

## AS TO "FACTS"

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Defendants deny the allegations set forth in paragraph "31" of the Complaint.

32. Defendants deny the allegations set forth in paragraph "32" of the Complaint, except admit that plaintiff was arrested on 16th Street by the NYPD.

33. Defendants deny the allegations set forth in paragraph "33" of the Complaint.

34. Defendants deny the allegations set forth in paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in paragraph "36" of the Complaint.

37. Defendants deny the allegations set forth in paragraph "37" of the Complaint.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in paragraph "39" of the Complaint.

40. Defendants deny the allegations set forth in paragraph "40" of the Complaint, except admit that plaintiff was transported to Pier 57.

41. Defendants deny the allegations set forth in paragraph "41" of the Complaint, except admit that plaintiff was transported to 125 White Street.

42. Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in paragraph "43" of the Complaint, except admit that plaintiff was fingerprinted.

44. Defendants deny the allegations set forth in paragraph "44" of the Complaint.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint, except admit that plaintiff was charged with parading without a permit and disorderly conduct.

47. Defendants deny the allegations set forth in paragraph "47" of the Complaint.

48. Defendants deny the allegations set forth in paragraph "48" of the Complaint.

49. Defendants deny the allegations set forth in paragraph "49" of the Complaint.

50. Defendants deny the allegations set forth in paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in paragraph "51" of the Complaint.

52. Defendants deny the allegations set forth in paragraph "52" of the Complaint.

53. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint, except admit that Pier 57 is located on the west side of Manhattan.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in paragraph "55" of the Complaint, except admit that the City of New York entered into an agreement with Hudson River Park Trust regarding the use of Pier 57 during the RNC.

56. Defendants deny the allegations set forth in paragraph "56" of the Complaint, except admit that Pier 57 had portable toilets and water coolers.

57. Defendants deny the allegations set forth in paragraph "57" of the Complaint.

58. Defendants deny the allegations set forth in paragraph "58" of the Complaint.

59. Defendants deny the allegations set forth in paragraph "59" of the Complaint.

60. Defendants deny the allegations set forth in paragraph "60" of the Complaint.

61. Defendants deny the allegations set forth in paragraph "61" of the Complaint.

62. Defendants deny the allegations set forth in paragraph "62" of the Complaint.

63. Defendants deny the allegations set forth in paragraph "63" of the Complaint.

64. Defendants deny the allegations set forth in paragraph "64" of the Complaint.

65. Defendants deny the allegations set forth in paragraph "65" of the Complaint.

66. Defendants deny the allegations set forth in paragraph "66" of the Complaint.

67. Defendants deny the allegations set forth in paragraph "67" of the Complaint.

## AS TO THE "FIRST CAUSE OF ACTION"

68. In response to the allegations set forth in paragraph "68" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of its Answer, as if fully set forth herein.

69. Defendants deny the allegations set forth in paragraph "69" of the Complaint.

70. Defendants deny the allegations set forth in paragraph "70" of the Complaint.

## AS TO THE "SECOND CAUSE OF ACTION"

71. In response to the allegations set forth in paragraph "71" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of its Answer, as if fully set forth herein.

72. Defendants deny the allegations set forth in paragraph "72" of the Complaint.

73. Defendants deny the allegations set forth in paragraph "73" of the Complaint.

## AS TO THE "THIRD CAUSE OF ACTION"

74. In response to the allegations set forth in paragraph "74" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of its Answer, as if fully set forth herein.

75. Defendants deny the allegations set forth in paragraph "75" of the Complaint.

76. Defendants deny the allegations set forth in paragraph "76" of the Complaint.

## AS TO THE "FOURTH CAUSE OF ACTION"

77. In response to the allegations set forth in paragraph "77" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of its Answer, as if fully set forth herein.

78. Defendants deny the allegations set forth in paragraph "78" of the Complaint.

79. Defendants deny the allegations set forth in paragraph "79" of the Complaint.

## AS TO THE "FIFTH CAUSE OF ACTION"

80. In response to the allegations set forth in paragraph "80" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of the Answer, as if fully set forth herein.

81. Defendants deny the allegations set forth in paragraph "81" of the Complaint.

82. Defendants deny the allegations set forth in paragraph "82" of the Complaint.

## AS TO THE "SIXTH CAUSE OF ACTION"

83. Defendants deny the allegations set forth in paragraph "83" of the Complaint, and refer to the New York City Administrative Code for its content.

84. Defendants deny the allegations set forth in paragraph "84" of the Complaint, and refer to the sections cited therein for its content.

85. Defendants deny the allegations set forth in paragraph "85" of the Complaint, except admit that plaintiff was arrested and charged with parading without a permit.

86. Defendants deny the allegations set forth in paragraph "86" of the Complaint.

87. Defendants deny the allegations set forth in paragraph "87" of the Complaint.

88. Defendants deny the allegations set forth in paragraph "88" of the Complaint.

## AS TO THE "SEVENTH CAUSE OF ACTION"

89. In response to the allegations set forth in paragraph "89" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of the Answer, as if fully set forth herein.

90. Defendants deny the allegations set forth in paragraph "90" of the Complaint, and refer to the New York State Penal Law §240.20 for its content.

91. Defendants deny the allegations set forth in paragraph "91" of the Complaint, except admit that plaintiff was arrested and charged with disorderly conduct.

92. Defendants deny the allegations set forth in paragraph "92" of the Complaint.

93. Defendants deny the allegations set forth in paragraph "93" of the Complaint.

## AS TO THE "EIGHTH CAUSE OF ACTION"

94. In response to the allegations set forth in paragraph "94" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of the Answer, as if fully set forth herein.

95. Defendants deny the allegations set forth in paragraph "95" of the Complaint.

96. Defendants deny the allegations set forth in paragraph "96" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

97. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

98. There was probable cause for plaintiff's arrest, detention and prosecution.

## THIRD AFFIRMATIVE DEFENSE

99. Any and all injuries alleged in the Complaint were caused, in whole or in part, by plaintiff's culpable, negligent or intervening conduct and were not the proximate result of any act of the Defendants.

## FOURTH AFFIRMATIVE DEFENSE

100. This action is barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE

101. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, they are entitled to qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

102. Punitive damages are not recoverable against Defendant City of New York. Punitive damages cannot be recovered against the other defendants and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

### SEVENTH AFFIRMATIVE DEFENSE

103. Defendants have not violated any rights, privileges or immunities secured to the plaintiffs under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have Defendants violated any act of Congress.

### EIGHTH AFFIRMATIVE DEFENSE

104. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

### NINTH AFFIRMATIVE DEFENSE

105. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendants are entitled to governmental immunity from liability.

### TENTH AFFIRMATIVE DEFENSE

106. Plaintiff's claims are barred, in whole or in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §§ 50-e and 50-i.

### ELEVENTH AFFIRMATIVE DEFENSE

107. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

108. Plaintiff's claims are barred, in whole or in part, by the doctrine of absolute immunity.

### THIRTEENTH AFFIRMATIVE DEFENSE

109.  Process and service of process upon one or more of the Defendants were insufficient.

### FOURTEENTH AFFIRMATIVE DEFENSE

110.  The Court lacks personal jurisdiction over one or more of the Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

111.  The Court lacks subject matter jurisdiction.

### SIXTEENTH AFFIRMATIVE DEFENSE

112.  To the extent that one or more of the Defendants used any force, it was reasonable, necessary and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

### SEVENTEENTH AFFIRMATIVE DEFENSE

113.  Plaintiff failed to mitigate plaintiff's damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

114.  Plaintiff consented to the acts about which plaintiff complains.

### NINETEENTH AFFIRMATIVE DEFENSE

115.  Plaintiff's claims are barred, in whole or in part, by plaintiff's contributory or comparative negligence and by plaintiff's assumption of the risk.

### TWENTIETH AFFIRMATIVE DEFENSE

116.  Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

117.  Plaintiff lacks standing to demand declaratory or injunctive relief.

**WHEREFORE,** Defendant requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: November 15, 2007
     New York, New York

                MICHAEL A. CARDOZO
                Corporation Counsel of the City of New York
                *For Defendant The City of New York*

By:    _____
                Raju Sundaran (RS 8011)
                Assistant Corporation Counsel
                Special Federal Litigation Division
                100 Church Street, Room 3-165
                New York, New York 10007
                Tel: 212-788-0467
                Fax: 212-788-9776

**07 CIV 7741(RJS)(JCF)**

| |
|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** |
| JEFFREY TOBIS,<br><br>                                              Plaintiff,<br><br>                -against-<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>                                              Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Raju Sundaran*<br>*Tel: (212) 788-0467* |
| *Due and timely service is hereby admitted.*<br><br>*New York, New York   November 15, 2007*<br><br>*Raju Sundaran, Esq.*<br><br>*Attorney for Defendants* |