**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DOCUMENT

DOC #: _____

DATE FILED: 12/17/07

------------------------------------------------------------------------ x

CRAIG ANDREW NEEF,

                Plaintiff,

        -versus-

THE CITY OF NEW YORK, *et al.*,

                Defendants.

------------------------------------------------------------------------ x

DANIEL SCHRAMM,

                Plaintiff,

        -versus-

THE CITY OF NEW YORK, *et al.*,

                Defendants.

------------------------------------------------------------------------x

JEFFREY TOBIS,

                Plaintiff,

        -versus-

THE CITY OF NEW YORK, *et al.*,

                Defendant

------------------------------------------------------------------------x

VALJEAN BROOKSHAW,

                Plaintiff,

        -versus-

THE CITY OF NEW YORK, *et al.*,

                Defendants.

------------------------------------------------------------------------x

**CASE MANAGEMENT**
**ORDER**

07 CV 7677 (RJS)(JCF)

07 CV 7494 (RJS)(JCF)

07 CV 7741 (RJS)(JCF)

07 CV 7495 (RJS)(JCF)

DOCKET IN THESE LISTED CASES

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court hereby enters its Case Management Order governing the foregoing cases. These cases arise from the arrest and detention of plaintiffs by the New York City Police Department around the time of the Republican National Convention in New York City in late August and early September 2004 ("RNC Cases").

In these cases, the parties anticipate that issue will be joined shortly and that all of the material allegations of the complaints will be denied. Defendants have stipulated to the following terms at this time to permit plaintiffs the opportunity to participate in the consolidated discovery currently underway in the related RNC Cases.

In addition to this order, the parties agree to be bound by Discovery Order #1 (which provides for the consolidated depositions of certain defense witnesses); Discovery Order #2 (which provides for the scheduling of party depositions); Protective Order #1 (which provides for the confidential treatment of certain discovery materials) and all other protective orders entered in the consolidated RNC cases.

The Court is advised that the parties do not consent to trial of this case by magistrate judge. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. This order may be modified only by agreement of the parties, subject to the Court's approval, or upon a showing of good cause.

### *DATE DUE*      *PLEADINGS & DISCOVERY*

The parties have agreed to dispense with initial disclosures and have commenced discovery.

12/17/2007      All written discovery, including document requests and interrogatories,

2

shall have been served, except as provided below.

| | |
|---|---|
| 1/15/2008 | All depositions of fact witnesses shall have been noticed. With respect to both fact and expert witnesses, unless the noticing party assents or the court orders otherwise, depositions of particular witnesses are not to be held until the party producing the witness has responded to any outstanding interrogatories and requests for documents pertaining to that witness. Once a party has completed the deposition of a witness, that party shall not later seek to re-depose that witness absent good cause. |
| 3/31/2008 | All fact discovery for plaintiffs and defendants shall have been completed. |
| 3/31/2008 | Plaintiffs shall identify their expert witnesses for trial and provide the disclosures contemplated by the federal rules. |
| 4/30/2008 | Depositions of plaintiffs' trial experts shall be completed. |
| 4/30/2008 | Defendants shall identify their expert witnesses for trial and provide the disclosures contemplated by the federal rules. |
| 5/30/2008 | Depositions of defendants' trial experts shall be completed. |
| 6/30/2008 | All contention interrogatories and requests to admit shall be served. |
| 7/31/2008 | All responses due to contention interrogatories and requests to admit. |
| 8/15/2008 | Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge. The parties do not request a settlement conference before a Magistrate Judge. |

Counsel for the parties have discussed the use of the Court's Mediation Program. The parties do not request that the case be referred to the Court's Mediation Program.

Counsel for the parties have discussed the use of a privately retained mediator. The parties do not intend to use a privately retained mediator.

## *DISPOSITIVE MOTIONS*

8/29/2008    All dispositive motions shall have been served on or before this date. Pursuant to the undersigned's Individual Practices, the parties shall request a pre-motion conference in writing at least four weeks prior to this deadline.

3

9/30/2008                 Oppositions due to all dispositive motions.

10/31/2008                Replies, if any, due to all dispositive motions.

Within 30 days of the     Should any part of the case remain after the Court's ruling on dispositive
Court's ruling on         motions, a Pre-Trial Conference with the Court shall be held. Prior to
dispositive motions       that conference, the parties shall consult and submit to the Court a Joint
                          Pretrial Order prepared in accordance with the Judge Sullivan's
                          Individual Practices and Rule 26(a)(3) of the Federal Rules of Civil
                          Procedure. If this action is to be tried before a jury, proposed voir dire,
                          jury instructions and a verdict form shall be filed with the Joint Pretrial
                          Order. Counsel are required to meet and confer on the jury instructions
                          and verdict form in an effort to make an agreed upon submission.

                          The parties have conferred and their present best estimate of the length
                          of trial of an individual plaintiff's case is approximately 2 weeks.

**SO ORDERED**

DATED:        New York, New York
              December _11_, 2007

                                            James C. Francis IV
                                            United States Magistrate Judge

4